# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER CHAVARRIA**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF NEW JERSEY, WILLIAM PEREZ, SGT. J.R. COPPOLA, TROOPER JOHN DOES 1-10**, <br><br> Defendants. | Civ. No. 2:18-14971 <br><br><br> **OPINION** |

      **THIS MATTER** comes before the Court upon Defendant the State of New Jersey's ("State") Motion to Dismiss the Amended Complaint. There was no oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Motion is **GRANTED.**

## I.    Factual Background

      Plaintiff is represented by counsel, but the Amended Complaint, ECF No. [1-1], is not a model of clarity.[1] Much of the allegations found in the Amended Complaint are boilerplate recitation of state and federal constitutional rights without factual details. Based on the sparse allegations before the Court, it appears that on February 11, 2016 Plaintiff, while driving in Summit, New Jersey, had an encounter with at least one state trooper. Plaintiff alleges that during the encounter the state trooper stated that he smelled the odor of marijuana and searched Plaintiff's vehicle. It is not clear if anything was found in the vehicle. The trooper then asked Plaintiff to consent to a breath test, and Plaintiff refused. Plaintiff was then arrested for driving under the influence and refusal to consent

---

[1] Plaintiff on opposition urges the Court to incorporate facts outside of the Amended Complaint. The Court declines this invitation. *Boyd v. Plainfield Police Dep't*, No. CV 15-2210 (SRC), 2017 WL 3013404, at *2 (D.N.J. July 6, 2017) ("An argument that relies on proof of facts outside the Complaint cannot succeed on a motion to dismiss.").

to a breath test.  ECF No. [1-1] at 7; *see also* N.J.S.A. § 39:4-50 & 4-50.2.  The Amended Complaint does not state if Plaintiff made any further statements to the trooper.

On July 18, 2016, the state court suppressed the fruits of the search of Plaintiff's vehicle. The charges were later dismissed.  Based on these facts, Plaintiff asserts the following claims:

1. Count I: "Violations of New Jersey Constitution – All Defendants"
2. Count II: "False Arrest, Violations of U.S. Constitutions [sic] 4th and 5th Amendment and NJ Constitution, Article 1 – All Defendants"
3. Count III: "Malicious Prosecution – All Defendants"
4. Count IV: "Invasion of Privacy Article 1 Par 1 New Jersey Constitution – Individual Defendants Only"
5. Count V: "Lible [sic], Slander, Defamation – Individual Defendants Only"
6. Count VI: "Infliction of Severe Emotional Distress [] – Individual Defendants Only"
7. Count VII: "USCA [sic] 1983, 1985, 1986, 1988 – All Defendants"
8. Count VIII: "N.J.S.A. 10:5-1.1, 10:5-12(f), 10-1-1, 2 – All Defendants."

## II.     Procedural Background

Plaintiff initially filed this case on February 13, 2017 in New Jersey state court.  *See* ECF No. [1] at 2. According to the NJAG[2], that case was dismissed on September 1, 2017 for lack of prosecution.  On May 2, 2018, counsel for Plaintiff filed a "Motion for Reinstatement" in New Jersey state court, which was granted on May 25, 2018.  *Id.* at 2. On August 3, 2018, Plaintiff filed an Amended Complaint, ECF No. [1-1], which added the federal causes of action set forth in Count VII.  The Amended Complaint asserts claims against the State of New Jersey, the Division of State Police State of New Jersey Department of Law and Public Safety (the "Division"), Superintendent of State Police Joseph Fuentes, State Trooper William Perez, Sargent J.R. Coppola, and John Does 1-10. *Id.*  The NJAG represents that the State was served on September 25, 2018 with a copy of the Amended Complaint.  *Id.* at 3.  It is unclear whether Plaintiff ever attempted to serve the other Defendants with a copy of the original or amended complaints.  *Id.*  However, three days after Plaintiff served the State, the state court dismissed Defendants Perez and Coppola for failure to prosecute.  *Id.*; *see also* ECF No. [1-3].  It appears that neither Fuentes nor the Division were ever served with the operative complaint. ECF No. [1] at 3.

Two weeks later, the Deputy Attorney General Victor DiFrancesco filed a notice of removal on behalf of the State.  ECF No. [1].  No other defendant as originally named in the Amended Complaint has appeared in this action.  *Cf. id. with* CM-ECF Docket Sheet. Under Federal Rule of Civil Procedure 81, the State was required to answer by October 22, 2018.  No activity appeared on the docket until the Clerk entered a Notice of Call for

---

[2] These facts are taken from Defendant's Notice of Removal, ECF No. [1].

Dismissal under Local Rule 41.1(a) on April 2, 2109. ECF No. [2]. On April 9, 2019, Plaintiff requested entry of default, which was entered on April 11, 2019. Three days later, Deputy Attorney General Beonica A. McClanahan filed a notice of appearance on behalf of the "Defendant(s)" and a motion to set aside the entry of default. ECF Nos. [4] & [5]. Counsel for Plaintiff opposed, ECF No. [6], and given the procedural history of this case, the Court set the motion for hearing which was held on May 10, 2019. Based on counsels' representations at the hearing, the Court vacated the default and ordered the State to respond to the Amended Complaint.

### III.    The Instant Motion

On May 31, 2019, State filed the instant Motion. ECF Nos. [9] & [9-1]. In the Motion, the State argues that all claims against the State (Counts I–III, VII & VIII) are barred under the Eleventh Amendment because the State did not consent to suit in federal court. The State further argues that Count VII must be dismissed because the State is not a "person" under 42 U.S.C. § 1983. Somewhat quizzically, while the Motion is filed only on behalf of the State—the only defendant that has appeared in this action—the State's brief also argues that "the Claims against the State of New Jersey, State entities, and/or individual State employees in their official capacities must be dismissed because they are not "persons" amendable to suit under 42 U.S.C. § 1983, and the claims against them are barred by the Eleventh Amendment." *Id.* at 5–6.

In opposition Plaintiff makes three arguments. First, Plaintiff argues, without further explanation, that Defendant's Motion must fail under the standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Id.* at 1–2. He then argues that the State (as well as the originally named Defendants who have not appeared in this action) are not entitled to Eleventh Amendment immunity because it consented to suit in this Court when it removed this action. ECF No. [10] at 3–4. Finally, Plaintiff, characterizing his claims for liability under 42 U.S.C. §§ 1983, 1985, 1986, 1988 as a claim solely under Section 1938 and concedes that: "[t]he State may not be subject to suit under 42 U.S.C. § 1983 but its agents-employees certainly are." ECF NO. [10] at 2, 4. [3]

On reply, the State reiterates its Section 1983 and Eleventh Amendment arguments and argues, without citation, that removal does not constitute waiver of the statutory immunities in the Eleventh Amendment. ECF No. [11] at1–3. On July 3, 2019, Plaintiff

---

[3] The final paragraphs of Plaintiff's opposition could be read as a motion for sanctions and/or an attempt to put the State on notice regarding an impending sanctions motion to be filed on or about July 15, 2019. ECF No. [10] at 5–6. No separate motion was filed, and to the extent Plaintiff moves for sanctions under Federal Rule of Civil Procedure 11 in his opposition brief, that motion is **DENIED**.

filed a sur-reply without leave of Court which appears to contain mostly content copy-and-pasted from Plaintiff's opposition.  *Cf.* ECF Nos. [10] and [12].

## IV.    Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim.  *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## V.    Analysis

Because the Court dismisses all claims against the State based on sovereign immunity, the Court addresses that argument first.  Under the Eleventh Amendment "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Thus, a state is entitled to immunity from suits brought in federal courts by private citizens. *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).  This immunity extends to suits by in-state plaintiffs, "thereby barring all private suits against non-consenting States in federal court." *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018) (quoting *Lombardo v. Pa., Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008).  It further applies to suits against state officials in their official capacities. *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017).

Eleventh Amendment immunity "serves two fundamental imperatives: safeguarding the dignity of the states and ensuring their financial solvency." *Karns*, 879 F.3d at 512.  However, the immunity is not absolute and a "[s]tate, however, may choose to waive its immunity in federal court at its pleasure." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011).  To determine whether a state has waived immunity under the Eleventh Amendment, the Court engages in a two-part inquiry: whether the state waived immunity from suit and whether the state waived immunity from liability. *Lombardo v. Pennsylvania, Dep;t of Pub. Welfare*, 540 F.3d 190, 195 (3d Cir. 2008).  As to immunity from suit, "[a] State may waive its immunity from suit by invoking federal court jurisdiction voluntarily." *Id.*  As the *Lombardo* Court explained:

> [R]emoval of federal-law claims to federal court effect[s] a waiver of immunity from suit in federal court.  [This] does not affect a State's ability to raise sovereign immunity when it is involuntarily brought into federal court.  It is only when a State

removes federal-law claims from state court to a federal forum that it "submits its rights for judicial determination," and unequivocally invokes the jurisdiction of the federal courts.

*Id.* (quoting *Gunter v. Atl. Coast Line R. Co.*, 200 U.S. 273, 284 (1906)). As to waiver from liability, such a waiver must be express and unequivocal. *Id.* (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 667 (1999) and *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Supreme Court has noted that an effective waiver of sovereign immunity, like the waiver of other constitutionally-protected rights, must involve the "intentional relinquishment or abandonment of a known right. . . ." *Id.* at 198 (finding state had waived its immunity from suit but not immunity from liability). Thus, unless the State expressly waives immunity from liability, it is entitled to "all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability. *Id.* at 198. Courts "look to state law to determine if the [removing Defendant] maintains a separate immunity from liability." *Id.* at 195.

Here, the parties do not dispute that the State voluntarily removed this case to federal court. Under *Lombardo,* the State has thus waived immunity *from suit.* The Court now must examine whether the State waived immunity *from liability.* The State asserts that it contests the allegations in the Amended Complaint and never consented to waive immunity from liability for Section 1983 claims, violations of the New Jersey constitution, and violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1, 10:5-12(f), 10-1-1, 2.

As to the claims asserted under Count VII, which the Court construes as a claim under 42 U.S.C. § 1983, "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . . ." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (citation omitted). The State of New Jersey has not waived immunity from liability under Section 1983. *Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) (citing *Ritchie v. Cahall*, 386 F. Supp. 1207, 1209–10 (D.N.J. 1974)) ("The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court.").[4]

Nor has the State waived immunity from liability under the New Jersey Law Against Discrimination or its own constitution in federal court. *Balsam v. Sec'y of New Jersey*, 607 F. App'x 177, 184 (3d Cir. 2015) (finding New Jersey entitled to sovereign immunity from

---

[4] As separate grounds for dismissal, Plaintiff concedes that he may not properly assert a claim under Section 1983 against the State. The Court agrees, and the Section 1983 claim against the State is also dismissed with prejudice on this basis. *See Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) ("New Jersey is not recognized as a "person" under § 1983").

state constitutional and statutory claims in federal court); *Garcia v. Richard Stockton Coll. of N.J.*, 210 F. Supp. 2d 545, 550 (D.N.J. 2002) ("[A] plaintiff may not sue the State of New Jersey, or its alter egos, under the NJLAD in federal court.");  *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 683 (D.N.J. 2003)(" The State also has not explicitly waived Eleventh Amendment immunity for claims brought in federal court under the NJLAD.")

Accordingly, although the State originally removed this action to federal court, because the state of New Jersey has not waived immunity from liability the Eleventh Amendment bars Plaintiff from asserting **COUNTS I–III, VII & VIII** against the State These counts are **DISMISSED WITH PREJUDICE AS TO THE STATE**.

*/s/ William J. Martini*

**WILLIAM J. MARTINI, U.S.D.J.**

**Dated: August 13, 2019**