UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER CHAVARRIA,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF NEW JERSEY, WILLIAM PEREZ, SGT. J.R. COPPOLA, TROOPER JOHN DOES 1-10,**<br><br>Defendants. | Civ. No. 2:18-14971<br><br><br>**OPINION** |

**THIS MATTER** comes before the Court upon *sua sponte* review of the docket. On August 29, 2019, the Court ordered that Plaintiff show cause why the Complaint should not be dismissed in its entirety. There was no oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's Complaint is **DISSMISSED WITH PREJUDICE.**

## I.   PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the factual nature of Plaintiff's claims. Plaintiff initially filed this case on February 13, 2017 in New Jersey state court. See ECF No. 1 at 2. According to the NJAG[1], that case was dismissed on September 1, 2017 for lack of prosecution. On May 2, 2018, counsel for Plaintiff filed a "Motion for Reinstatement" in New Jersey state court, which was granted on May 25, 2018. *Id.* at 2. On August 3, 2018, Plaintiff filed an Amended Complaint, ECF No. 1-1, which added the federal causes of action set forth in Count VII. The Amended Complaint asserts claims against the State of New Jersey, the Division of State Police State of New Jersey Department of Law and Public Safety (the "Division"), Superintendent of State Police Joseph Fuentes, State Trooper William Perez, Sargent J.R. Coppola, and John Does 1-10. *Id.* The NJAG represents that the State was served on September 25, 2018 with a copy of the Amended Complaint. *Id.* at 3. It is unclear whether Plaintiff ever attempted to serve the other Defendants with a copy of the original or amended complaints. *Id.* However, three days after Plaintiff served the State, the state court dismissed Defendants Perez and

---

[1] These facts are taken from Defendant's Notice of Removal, ECF No. 1.

Coppola for failure to prosecute. *Id.*; *see also* ECF No. 1-3. It appears that neither Fuentes nor the Division were ever served with the operative complaint. ECF No. 1 at 3.

Two weeks later, the Deputy Attorney General Victor DiFrancesco filed a notice of removal on behalf of the State. ECF No. 1. No other defendant as originally named in the Amended Complaint has appeared in this action. *Cf. id. with* CM-ECF Docket Sheet. Under Federal Rule of Civil Procedure 81, the State was required to answer by October 22, 2018. No activity appeared on the docket until the Clerk entered a Notice of Call for Dismissal under Local Rule 41.1(a) on April 2, 2109. ECF No. 2. On April 9, 2019, Plaintiff requested entry of default, which was entered on April 11, 2019. Three days later, Deputy Attorney General Beonica A. McClanahan filed a notice of appearance on behalf of the "Defendant(s)" and a motion to set aside the entry of default. ECF Nos. 4 & 5. Counsel for Plaintiff opposed, ECF No. 6, and given the procedural history of this case, the Court set the motion for hearing which was held on May 10, 2019. Based on counsels' representations at the hearing, the Court vacated the default and ordered the State to respond to the Amended Complaint. On August 13, 2019, this Court dismissed Counts I-III, VII and VIII without prejudice as to the state. On August 13, 2019, the Court also Ordered that, because the State of New Jersey is the only Defendant which has appeared in this action, Plaintiff show cause why the Complaint should not be dismissed in its entirety. On August 26, 2019, Plaintiff Chavarria filed a request for default against all individual defendants.

## II.   DISCUSSION

In his request for default and Response to Order to Show Cause, Plaintiff argues that "The Attorney General's Entry of Appearance for Defendants on April 12, 2019 obviated the need to further serve anyone. Thus, both Defendants Perez and Coppola as well as Fuentes were represented party Defendants which never filed an answer or otherwise moved in a timely manner." ECF No. 15, ¶ 4. In his Response to Order to Show Cause, Plaintiff states that, "because the State AG entered its general appearance for all 'defendants' and failed to file a motion or answer on behalf of the individual Defendants. Plaintiff is entitled to a default." [sic]. ECF No. 16-1, 10.

The Court disagrees. Deputy Attorney General Beonica McClanahan represents only the State of New Jersey. D.A.G. McClanahan has only entered her appearance in this matter on behalf of the State of New Jersey. On September 28, 2018, prior to its removal, the Superior Court of New Jersey ordered that the matter was dismissed against Defendants State Trooper William Perez and Sargent J.R. Coppola for lack of prosecution and stated that "a formal notice of motion is now required to restore [these] part[ies] to active trial status." ECF No. 1-3. When the matter was removed, the only remaining defendant was the State of New Jersey.

The Court recognizes that the State's brief argues that "the Claims against the State of New Jersey, State entities, and/or individual State employees in their official capacities must be dismissed because they are not 'persons' amendable to suit under 42 U.S.C. § 1983, and the claims against them are barred by the Eleventh Amendment." ECF No. 9 at 5–6. But this does not amount to an entry of appearance on behalf of individual defendants. Although inartful, this language from Defendant's brief can not be used to circumvent the requirement that Perez, Coppola, and Fuentes be served. In all the time that this matter has pended before this Court, Plaintiff has not served any named defendants besides the State of New Jersey.

### III.  CONCLUSION

Consequently, Plaintiff's Complaint, ECF No. 1, is **DISMISSED** as to all Defendants **WITH PREJUDICE.**

Date: September 8, 2020

WILLIAM J. MARTINI, U.S.D.J.