UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER CHAVARRIA**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF NEW JERSEY, WILLIAM PEREZ, SGT. J.R. COPPOLA, TROOPER JOHN DOES 1-10**, <br><br> Defendants. | Civ. No. 2:18-cv-14971 <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

**THIS MATTER** comes before the Court on Plaintiff's motion for reconsideration of this Court's September 8, 2020 Order dismissing Plaintiff's Complaint. ECF No. 19. For the reasons stated below, Plaintiff's motion for reconsideration is **DENIED**.

### I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initially filed this case on February 13, 2017 in New Jersey state court. See ECF No. 1 at 2. According to the NJAG[1], that case was dismissed on September 1, 2017 for lack of prosecution. On May 2, 2018, counsel for Plaintiff filed a "Motion for Reinstatement" in New Jersey state court, which was granted on May 25, 2018. *Id.* at 2. On August 3, 2018, Plaintiff filed an Amended Complaint, ECF No. 1-1, which added the federal causes of action set forth in Count VII. The Amended Complaint asserts claims against the State of New Jersey, the Division of State Police State of New Jersey Department of Law and Public Safety (the "Division"), Superintendent of State Police Joseph Fuentes, State Trooper William Perez, Sargent J.R. Coppola, and John Does 1-10. *Id.* The NJAG represents that the State was served on September 25, 2018 with a copy of the Amended Complaint. *Id.* at 3. It is unclear whether Plaintiff ever attempted to serve the other Defendants with a copy of the original or amended complaints. *Id.* However, three days after Plaintiff served the State, the state court dismissed Defendants Perez and Coppola for failure to prosecute. *Id.*; *see also* ECF No. 1-3. It appears that neither Fuentes nor the Division were ever served with the operative complaint. ECF No. 1 at 3.

---

[1]     These facts are taken from Defendant's Notice of Removal, ECF No. 1.

Two weeks later, the Deputy Attorney General Victor DiFrancesco filed a notice of removal on behalf of the State. ECF No. 1. No other defendant as originally named in the Amended Complaint has appeared in this action. *Cf. id. with* CM-ECF Docket Sheet. Under Federal Rule of Civil Procedure 81, the State was required to answer by October 22, 2018. No activity appeared on the docket until the Clerk entered a Notice of Call for Dismissal under Local Rule 41.1(a) on April 2, 2109. ECF No. 2. On April 9, 2019, Plaintiff requested entry of default, which was entered on April 11, 2019. Three days later, Deputy Attorney General Beonica A. McClanahan filed a notice of appearance on behalf of the "Defendant(s)" and a motion to set aside the entry of default. ECF Nos. 4 & 5. Counsel for Plaintiff opposed, ECF No. 6, and given the procedural history of this case, the Court set the motion for hearing which was held on May 10, 2019. Based on counsels' representations at the hearing, the Court vacated the default and ordered the State to respond to the Amended Complaint. On August 13, 2019, this Court dismissed Counts I-III, VII and VIII without prejudice as to the state. On August 13, 2019, the Court also Ordered that, because the State of New Jersey is the only Defendant which has appeared in this action, Plaintiff show cause why the Complaint should not be dismissed in its entirety. On August 26, 2019, Plaintiff Chavarria filed a request for default against all individual defendants.

## II.     STANDARD OF REVIEW

A motion for reconsideration must set forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked. When the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. The Court will reconsider a prior order only where a different outcome is justified by: (1) intervening change in law; (2) availability of new evidence not previously available; or a (3) need to correct a clear error of law or manifest injustice.

*United States v. Davis*, 05-cr-382, 2012 WL 1950217, at *1 (D.N.J. May 30, 2012), *aff'd*, 514 F. App'x 97 (3d Cir. 2013) (cleaned up and citations omitted).

## III.    DISCUSSION

Like Plaintiff counsel's other filings in this case, Plaintiff's motion for reconsideration is not a model of clarity. Nevertheless, the Court attempts to ascertain each of Plaintiff's arguments and address them in turn.

To restate, this is a motion for reconsideration of the Court's September 8, 2020 Opinion and Order, dismissing the remaining claims against individual Defendants. Portions of Plaintiff's reconsideration motion address Defendant State of New Jersey's Eleventh Amendment immunity. Those issues were the subject of this Court's August 13, 2019 Opinion and Order dismissing Plaintiff's claims as to the State of New Jersey.

Plaintiff did not file a motion for reconsideration of the August 13, 2019 determination and the Court declines to consider that determination over a year later. Local Rule 7.1(i) ("a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion . . .").[2]

Plaintiff appears to renew his arguments that counsel for New Jersey entered an appearance on behalf of defendants who were previously part of this case while it was in state court, but never were part of this case in federal court. Deputy Attorney General Beonica McClanahan represents only the State of New Jersey. D.A.G. McClanahan has only entered her appearance in this matter on behalf of the State of New Jersey. ECF No. 4. On September 28, 2018, prior to its removal, the Superior Court of New Jersey ordered that the matter was dismissed against Defendants State Trooper William Perez and Sargent J.R. Coppola for lack of prosecution and stated that "a formal notice of motion is now required to restore [these] part[ies] to active trial status." ECF No. 1-3. When the matter was removed, the only remaining defendant was the State of New Jersey. Defendant appears to argue that because Deputy Attorney General McClanahan's Notice of Appearance states, "Kindly enter my appearance as Counsel on behalf of Defendants in the above captioned matter," that this amounts to an entry of appearance of behalf of all Defendants who were ever part of this case. At the time, however, only New Jersey was a party to the case, and counsel's appearance was entered only as to New Jersey. Throughout this litigation, Deputy Attorney General McClanahan has only represented New Jersey.

Plaintiff questions "why [Plaintiff's] filed August 26, 2019 request for Entry of Default against all individual Defendants was not allowed to be accepted as filed." ECF No. 21-2, 3. In his request, Plaintiff requests entry of default against Perez and Coppola, who, as noted above, were dismissed from the action while it was in state court.

Finally, because Plaintiff filed his Motion for Reconsideration 20 days after the Court entered its Order of dismissal, it is untimely. *See* Local Rule 7.1(i) ("a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion . . ."); *Bridges v. Colvin*, 136 F. Supp. 3d 620, 629 (3d Cir. 2015) (holding that the court did not need to reach the merits of the movant's claims because the motion for reconsideration was untimely).

---

[2] Even if the Court did consider Plaintiff's arguments pertaining to the state's Eleventh Amendment immunity, they are without merit.

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration, ECF No. 21, is **DENIED**.  An appropriate order follows.


**Date: December 22, 2020**              */s/ William J. Martini*
                                         **WILLIAM J. MARTINI, U.S.D.J.**